DUPRIS, Chief Judge.
This matter came before the Court of Appeals pursuant to a filing of a Notice of Appeal by Appellant on September 21, 2009. Upon review of the record and the law, we dismiss this appeal without hearing as the trial judge was within her discretion to deny the motion for contempt and there is no appealable issue under which relief can be granted by the Court of Appeals.
SUMMARY
A Petition for Child Support and/or Support was filed by Appellant, Ms. O’Flynn, on July 30, 2008. Several hearings were held between then and September 2009 and an extensive record was created. On September 10, 2009, Appellant filed a Motion/Declaration for Show Cause re Contempt (MTCS) alleging Appellee failed to comply with the Temporary Court Order from October 2008. This motion was denied by the Trial Court on September 11, 2009. Appellant timely filed her appeal.
JURISDICTION
The Court of Appeals has jurisdiction to hear this matter pursuant to Article VIII of the Colville Tribal Constitution. When an issue is raised on a matter which the Court identifies as one where it cannot grant relief, the Court may dismiss without hearing. Dogskin v. CFS, 9 CCAR 01, 5 CTCR 02,-Am. Tribal Law-(02-15-2007).
ISSUE
Did the Trial Court judge err in denying the motion for contempt?
STANDARD OF REVIEW
In prior cases we have determined that our standard of review in contempt issues is “abuse of discretion.” That is, we will overturn the Trial Court’s decision only if its action was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Further, a minimum review for abuse of discretion would require a review for due process. Sonnenberg v. Colville Tribal Court, 5 CCAR 09, 14, 3 CTCR 09, — Am. Tribal Law- (02-12-1999).
DISCUSSION
The Appellate Court finds that the Col-ville Tribal Court derives its contempt powers through the Court’s inherent authority and by statutory authority found in Colville Tribal Code (CTC) sections 1.12.02 and 1.12.03. Lezard v. CCT, 3 CCAR 04, 05, 2 CTCR 11, 22 ILR 6135, 6 NALD 7009 (08-07-1995). This Court does not dispute the Trial Court’s inherent power to impose sanctions or terms it deems appro *359 priate at the time of a contemptuous act. Sonnenberg v. Fry, 4 CCAR 03, 04, 2 CTCR 36, 24 ILR 6172, - Am. Tribal Law —- (04-17-1997). The Court concludes the Trial Court has the inherent power to determine what is a contemptuous act and may act accordingly. In Re Welfare of A. children, 3 CCAR 53, 2 CTCR 22, 24 ILR 6019 (06-21-1996).
This Court cannot substitute its judgment for the Trial Court’s. In making a determination whether the Trial Court abused its discretion, either in its findings or in its conclusions of law or both, we review to see if the Trial Court’s decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Sonnenberg v. Colville Tribal Court, Id. at 15, - An. Tribal Law at ——.
In the instant case, the Trial Court has created a huge record. There have been many show cause hearings, the first lasting three (3) days. Motions have been filed by both parties. Temporary custody has changed and various conditions have been imposed.[1] Several witnesses have testified and evidence has been gathered and reviewed. After each hearing, a temporary order has been entered, at least five (5) since the October 2008 hearing. There have been at least 35 motions filed. Of those, 10 have been for contempt of court issues. Several of the motions were withdrawn or “unfiled” and the rest were not served properly so were dismissed.
The Trial Court has broad discretion in determining when to impose contempt of court. The trial judge is in a better position to determine if an act is contemptuous because they are much more familiar with the tenor of the case and the demeanor of the parties involved. There is nothing in the record which indicates that the judge’s denial of the motion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.
Due process dictates that a litigant be given the opportunity to be heard. There is extensive evidence in the record that the judge was well aware of what was taking place. The judge determined that the action that this motion referred to did not raise to the level of a contemptuous act and so denied the motion From a review of the record, we did not find any basis which would show' that the judge made her decision unreasonably. The judge w'as well within her discretionary authority to make her decision on the motion. Therefore, we hold that the judge did not err in denying the motion for contempt.
It is THEREFORE ORDERED that the appeal shall be denied and the matter remanded to the Trial Court for action consistent with this Order.

. There has been no final order entered though. Due to the length of the litigation and the extent of the record, we would encourage the Trial Court to enter a final order to give the litigants some finality.